FILED
APR 12 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUSTIN MICHAEL ROSSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1-18-CV-00712-UNA |
| ) | |
| CROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even pro se litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Rather than factual allegations to support a cognizable legal claim, plaintiff's complaint expresses plaintiff's general grievances of having been allegedly wronged emotionally and

physically by various unknown persons and entities within the government of New Zealand. Plaintiff makes passing reference to matters he has filed in New Zealand courts, however, with little to no explication relating thereto, and with an absence of information as to how such grievances apply to this Court. Additionally, he generally claims human rights violations, however, he fails to explain the alleged violations or explicitly state any viable cause of action. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a).

Further, plaintiff is suing the country of New Zealand. But, "in a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the [ATCA]." *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (per curiam). The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

Plaintiff's complaint does not to satisfy jurisdiction under the FSIA. Plaintiff makes a passing reference to waiver (*See* Compl. at 4, ¶ 3), he does not at all explain how New Zealand has waived its right to sovereign immunity, nor provide any facts or justification for waiver, nor any applicable exception.

The plaintiff's complaint is difficult to follow and is insufficient under the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. In addition, the complaint simply fails to satisfy jurisdiction under the FSIA. As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: 4/11/18            United States District Judge